UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALYSON G., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         v. | )  2:19-cv-00502-JDL |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Alyson G. seeks judicial review of the Social Security Administration Commissioner's final decision determining that she is not disabled and denying her application for social security disability insurance benefits (ECF No. 1). Pursuant to 28 U.S.C.A. § 636(b)(3) (West 2021) and D. Me. Local R. 16.3(a)(2), United States Magistrate Judge John H. Rich III held a hearing on the Plaintiff's Statement of Errors (ECF No. 12) on June 17, 2020. The Magistrate Judge filed his Recommended Decision with the Court on October 30, 2020 (ECF No. 17), recommending that the Court affirm the Commissioner's decision. The Plaintiff objected to the Recommended Decision on November 13, 2020 (ECF No. 18). The Commissioner filed a Response to the Plaintiff's Objection (ECF No. 19) on November 23, 2020, and on December 2, the Plaintiff filed a Reply to the Commissioner's Response (ECF No. 20).

After reviewing and considering the Magistrate Judge's Recommended Decision, together with the entire record, I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. I concur with

the Magistrate Judge's conclusions as set forth in his Recommended Decision and determine that no further proceeding is necessary.

I do, however, address the Plaintiff's objections to the Magistrate Judge's resolution of two issues. First, the Plaintiff argues that the administrative law judge (ALJ) lacked sufficient evidence to determine that the Plaintiff's mental impairments would not have caused her to be excessively absent from work during the twelve-month period following December 2006, and that the Magistrate Judge therefore erred in affirming that determination. The premise of the Plaintiff's argument is that the ALJ unreasonably misinterpreted an impartial expert's testimony on this point. However, a review of the entire transcript demonstrates that the isolated remarks on which the Plaintiff's contention relies, once returned to their testimonial context, fully support the ALJ's determination.

Second, the Plaintiff objects to the Magistrate Judge's conclusion that, even though the ALJ erred in failing to consider a check-the-box residual functional capacity (RFC) assessment performed by the Plaintiff's treating physician in 2014,[1] remanding the case for the ALJ to consider that assessment would be an "empty exercise." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000). The Plaintiff contends that the ALJ might, on remand, credit the treating physician's assessment—however perfunctory—that the Plaintiff had certain physical limitations. But this is not about the assessment's reliability, as the Plaintiff suggests; rather, the flaw in the Plaintiff's position is that neither the erroneously overlooked RFC assessment, nor anything else in the record, link those alleged

---

[1] The Commissioner concedes that this failure was error.

physical limitations to any particular impairment, as required at this stage of the analysis. *See Beaulieu v. Colvin*, No. 1:14-cv-335-DBH, 2015 WL 4276242, at *2 (D. Me. June 25, 2015) (*rec. dec.*, *aff'd*, July 14, 2015). Additionally, and contrary to the Plaintiff's suggestion, this reasoning is not circular. Although the ALJ failed to consider the limitations described in the RFC assessment in making its factual finding that the Plaintiff's obesity is nonsevere, the ALJ would be forced to arrive at the same conclusion even if it did consider the RFC assessment, because—again— there is nothing in the record that ties those alleged physical limitations to any particular impairment, including obesity. The absence of such a link means that the limitations described in the RFC assessment could not have any bearing on the ALJ's determination of the severity of the Plaintiff's obesity.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 17) of the Magistrate Judge is hereby **ACCEPTED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

**Dated this 1st day of February, 2021.**

                                                /s/ JON D. LEVY
                                    **CHIEF U.S. DISTRICT JUDGE**